IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANA LOUIS, as parent and next friend
of Jacob John Louis, a minor child,**

          **Plaintiff,**

**v.**                                            **CIV. No. 99-177 JP/RLP**

**KENNETH MCWETHY in his official
capacity,**

          **Defendant.**

**MEMORANDUM OPINION AND ORDER**

On March 16, 1999, Plaintiff filed a Motion to Remand Claims Against Defendant McWethy, (Doc. No. 9). After thoroughly reviewing the law and the briefs, I have determined that Plaintiff's motion should be granted.

**I.    Background**

On August 1, 1997, Plaintiff Sana Louis filed a civil action in the Second Judicial District Court for Bernalillo County, New Mexico, against Defendant Bernalillo County Undersheriff Kenneth McWethy and former Defendants Bernalillo County Sheriff's Deputies Matt Thomas and Greg Marcantel. Plaintiff alleged tort claims against Defendants under the New Mexico Tort Claims Act. *See* N.M. STAT. ANN. § 41-4-1 *et seq.* (Michie 1996 & Supp. 1998). The parties completed discovery in 1998 and were scheduled for trial on April 6, 1999.

On February 19, 1999, the United States of America removed this action to federal district court under 28 U.S.C. § 2679(d)(2) after the United States Attorney certified that Defendants

Thomas and Marcantel ("Federal Defendants") were acting within the scope of their employment as United States Drug Enforcement Agency Task Force Officers at the time of the alleged tort. In accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the United States of America substituted itself for Defendants Thomas and Marcantel.[1]

On February 24, 1999, this Court granted without prejudice Defendant United States of America's Unopposed Motion to Dismiss Defendant United States of America for failure to exhaust administrative remedies. Plaintiff moved to remand the claims against Defendant McWethy to state district court on March 16, 1999.

**II.   Legal Standard**

A federal district court may decline to exercise supplemental jurisdiction over a state law claim when the federal claim that formed the basis for the district court's supplemental jurisdiction has been dismissed. *See* 28 U.S.C. § 1367(c)(3). The decision whether to exercise supplemental jurisdiction over the state law claim after the federal claim has been dismissed is a matter of judicial discretion that takes into consideration comity, judicial efficiency, convenience, and fairness to the litigants. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) (affirming dismissal of federal claim and holding district court did not abuse discretion in dismissing pendent state law claim).

The Supreme Court has stated that the *Gibbs* factors favor remand when the federal

---

[1] Federal district courts have exclusive jurisdiction of civil actions on claims against the United States for money or property damages, injury, or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable. 28 U.S.C. § 1346 (b); 28 U.S.C. § 2671 *et. seq.*

2

claims have been dismissed:

> When the balance of these factors [judicial economy, convenience, fairness, and comity] indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice . . . .
>
> . . . .
>
> . . . Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate.

*Carnegie-Mellon Univ.,* 484 U.S. at 350-51 (footnote omitted). *See also Albertson's Inc. v. Carrigan*, 982 F.2d 1478, 1480-83 (10th Cir. 1993) (upholding district court remand to state court based on considerations of efficient use of judicial resources, interests of the parties, and comity, stating "[i]n analogous circumstances, when the district court no longer has a federal claim pending and there is no danger that the statute of limitations will cause loss of a state-based cause of action, this court routinely affirms dismissals of pendent claims."). *But see Transok Pipeline Co. v. Darks,* 565 F.2d 1150, 1155 (10th Cir. 1977) (holding trial court did not abuse its discretion in retaining supplemental jurisdiction over state claims where proceedings had gone on in federal court for four years and two trials had been completed).

**III.  Analysis**

Defendant argues that remanding the state law claims against him may result in "grossly unfair, unreasonable, and seriously inconsistent" results that would be an inefficient and wasteful use of both state and federal judicial resources. (Def.'s Resp. at 3.) Defendant McWethy claims

3

that his liability is dependent on a finding of wrongdoing by the United States of America because Plaintiff's claims against him are based on supervisory negligence arising from Defendant McWethy's supervision of Federal Defendants. (Def.'s Resp. at 2-3.) Thus, Defendant McWethy contends that he could be found liable in state court upon remand, while in federal court, Federal Defendants could be found *not* liable if Plaintiff later refiles her claims under the Federal Tort Claims Act.

Plaintiff argues that failure to remand will result in duplication of state court efforts, delay to Plaintiff, and potentially inconsistent results only because of the difference in courtroom methods to be used. (Pl.'s Memo at 5; Pl's Reply at 2-3.) Plaintiff points out that the claims against Defendant McWethy must be evaluated by a jury while any claims refiled against Federal Defendants must be tried by a judge. (Pl.'s Memo at 6; Pl.'s Reply at 3.) Thus, the risk of inconsistent results between Plaintiff's federal and state claims is based on different fact finders evaluating the claims and not on different forums. (Pl.'s Reply at 2-3.) Plaintiff also states that Defendant McWethy could be found liable without a finding of any wrongdoing by Federal Defendants. (Pl.'s Reply at 2.) Finally, Plaintiff argues that this court should remand because of comity concerns. (Pl.'s Memo at 6.)

**A. Judicial Efficiency**

Judicial efficiency would be served in this case by remanding the claims against Defendant McWethy to state court because substantial proceedings have already occurred in the state court. Unlike *Transok Pipeline Co.*, the federal case against Defendant McWethy is in its initial stage. Because the claims against Federal Defendants have been dismissed and possibly will not be refiled in federal court, judicial efficiency would not be served by the exercise of this court's

4

supplemental jurisdiction over the state law claims against Defendant McWethy.

**B. Fairness**

The fairness factor addresses the potential for inconsistent results if the claims against Defendant McWethy are remanded to state court. *See Johnston v. United States*, 546 F.Supp. 879, 883 (D.Kan. 1982). As Plaintiff points out, using the same forum will not change the requirement that claims against Defendant McWethy be decided by a jury while any claims against Federal Defendants be evaluated by a judge. Thus, any unfairness that results from trials by jury and judge is unchanged by forum choice.

However, this Court is troubled by the possibility that Defendant McWethy's liability could be determined without any finding of Federal Defendants' liability. Even so, remand of the claims to state court does not preclude fairness to the litigants; the evidence regarding the behavior of the Federal Defendants will be evaluated objectively in both forums. Furthermore, fairness dictates that a resolution of Plaintiff's claims should not be further delayed and that Plaintiff should not be subjected to the additional expense of duplicate litigation. *See Hollus v. Amtrack Northeast Corridor*, 937 F.Supp. 1110, 1121 (D.N.J. 1996), *aff'd.*, 118 F.3d 1575 (3d Cir. 1997).

**C. Convenience**

In evaluating the factor of convenience to the litigants, I must consider court location and associated travel that the forum selection imposes on the litigants. *See Hollus*, 937 F.Supp. at 1120-21. In this case, the forum change does not involve travel to a different city or significantly affect trial and trial preparation efforts. Thus, remanding to state court will not be an inconvenience to the litigants.

**D. Comity**

Finally, comity concerns dictate that the state law claims against Defendant McWethy be remanded to state court for adjudication. The federal claims have been dismissed, rather than stayed, and consequently no related federal actions are pending in this Court.

The balancing of the *Gibbs* factors dictates that this Court should decline to exercise supplemental jurisdiction over the state law claims against Defendant McWethy and should remand them to state court.[2] *See Carnegie-Mellon Univ.*, 484 U.S. at 350 (stating that when federal claims have been dismissed and *Gibbs* factors favor having the case in state court, federal court should dismiss or remand).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. No. 9) is GRANTED.

**UNITED STATES DISTRICT JUDGE**

---

[2] Although the issue has not been raised by the parties, it appears that the state law claims would be barred by the statute of limitations if I dismissed them; more than the two years allowed for commencing an action has elapsed since the September 1995 occurrence resulting in injury. *See* N.M. STAT. ANN. § 41-4-15 (Michie 1996). To avoid injustice and undermining the State's interest in enforcing its law in such a situation, the Supreme Court has stated that "[a] remand is preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." *Carnegie-Mellon Univ.*, 484 U.S. at 351-52. Therefore, I will remand rather than dismiss the claims against Defendant McWethy.